■ In the Matter of PLAKA ENTERPRISES INC., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Judgment entered October 17, 1969, annulling determination of the New York State Liquor Authority, unanimously reversed on the law, without costs or disbursements, and the matter is remanded for further proceedings in respects of the financial position of the petitioner and the managerial ability of its principals to supervise properly the proposed premises. The principals of the petitioner, from what appears in the record before us, are both reputable members of the community's business world, one a licensed architect and a graduate of the Massachusetts Institute of Technology, the other an experienced figure in shipping matters, both the bearers of acceptable credentials. And both have been approved by the New York City (local) Board. Together, they have undertaken to invest $40,000 in the premises they seek to have licensed, a sum not disproportionately large when measured against their income, resources and credit. And they have been paying a rental on the premises in excess of $3,000 per month since April 1, 1969. Notwithstanding, their application has been rejected by the Authority on three grounds: (1) inexperience (2) unsatisfactory demonstration of adequacy of supervision (3) the proposed financing is derived from depreciated stock and borrowings, *and further* because the Authority was not satisfied that the immediate lessor, one Lillian T. Bicks, did not have unsavory connections with a certain Mr. Cioffi, reputedly an associate of underworld characters, and that both were clandestinely parties in interest to the application. The main burden of the Authority's rejection would seem to be its conclusion that the real presence behind the application is the surreptitious one of the underworld. Although, like the Authority, we too decline to view the application "in a historical vacuum", we are unable on this record to perceive the faintest demonstrable connection between the two named principals herein and the forces of evil that, via the underground, infiltrate various licensed premises in this community. Especially is this so, when the petitioners, seeking reconsideration, both in their petition and on argument, presently make the representation that they have made contractual arrangements to achieve a complete disengagement and severance from the questionable Lillian T. Bicks as a subtenant lessor and obtain a lease from the primary lessor, at a cost of some $8,000, thus eliminating the Bicks corporation entirely. Also, on argument, the Authority has admitted this step of liberation from Bicks would relegate the Authority solely to a consideration of the petitioner's finances and the ability of its principals to manage and supervise the premises, if licensed. In our

opinion, this informal stipulation casts the petition in a new light and readies it for a hearing, which we hereby direct, and for the taking of further proof from both sides, for further consideration unrelated to the "underworld issue", which up to now has shadowed the proceedings. In view of the monthly rental being paid by the petitioners, the hearing should be expeditiously held and appropriate findings speedily made, sufficiently specific for judicial review, if necessary. (*Matter of Scudder* v. *O'Connell,* 272 App. Div. 251, 253; *Matter of Villaggio Italia* v. *New York State Liq. Auth.,* 23 A D 2d 613; *Matter of Rochdale Mall Wine & Liquors* v. *State Liq. Auth.,* 29 A D 2d 647.) Concur — Stevens, P. J,, Tilzer, McGivern, Markewich and Nunez, JJ.